# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

KOREY SHORT,

    Plaintiff,

v.                                           Case No. 3:25-cv-274-MMH-PDB

FEDERAL RESERVE BANK OF
ATLANTA,

    Defendant.

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Proceeding pro se, Plaintiff, Korey Short, initiated this action on February 20, 2025, by filing a complaint in state court. See Complaint – Unfair Competitive Business Advantage (Doc. 5; Complaint). Defendant, Federal Reserve Bank of Atlanta (FRBA), removed the action to this Court, contending the Court has jurisdiction under 12 U.S.C. § 632 and 28 U.S.C. § 1441. See Notice of Removal (Doc. 1; Notice), filed on March 12, 2025.[1]

---

[1] 12 U.S.C. § 632 provides:
[A]ll suits of a civil nature at common law or in equity to which any Federal Reserve bank shall be a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such suits; and any Federal Reserve bank which is a defendant in any such suit may, at any time before the trial thereof, remove such suit from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law.

Upon review of the Complaint, the Court finds it to be deficient in several ways and, as such, it is due to be stricken. In the analysis that follows, the Court will discuss some of the problems with the Complaint and will provide Short with the opportunity to file an amended complaint consistent with the Federal Rules of Civil Procedure (Rule(s)). Short should carefully review this Order and consider utilizing the resources available for pro se litigants, cited below, before filing an amended complaint. Failure to comply with the pleading requirements set forth in this Order may result in the dismissal of this action without further notice.

While pro se complaints are held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant is still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007) (quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[2] Most importantly here, Rules

---

[2] All filings with the Court must be made in accordance with the requirements of the Rules and the Local Rules of the United States District Court for the Middle District of Florida (Local Rules(s)). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available online and in state court law libraries.

In citing to Riley, the Court notes that "[a]lthough an unpublished opinion is not binding … , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

8 and 10 govern complaints. Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (emphasis omitted). Additionally, a complaint must include a "demand for the relief sought." Fed. R. Civ. P. 8(a)(3). Rule 10 requires that, in a complaint, a plaintiff "state [his] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). And, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count[.]" Id. Rules 8 and 10 work together "to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is

relevant and that which is not." Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

Here, Short's Complaint, while short and plain, fails to satisfy Rule 8's requirement of putting the FRBA on notice of what claims are being asserted against it and what the factual basis of each claim is. Indeed, the Complaint contains almost no factual allegations whatsoever. In the first three bullet points of the Complaint, Short vaguely alleges that the FRBA told him "that the board of governors are the only one that can deny an applicant," that the FRBA ignored Short's "pleas for help" in finding information, and that the FRBA failed to communicate with Short or use "documented resources outside of the companies [sic] platform display." Complaint at 1. These allegations are too vague and confusingly worded for the FRBA to be expected to frame a responsive pleading. As to legal claims, in the Complaint, Short includes citations to various laws and attaches portions of the text of statutes, but these free-floating legal citations and legal statements are not linked to any particular factual allegations and thus fail to put the FRBA on notice of what the claims being asserted against it are. See, e.g., Complaint at 1 ("[U]nethical business practices[.] [V]iolates Chapter 641[.] [V]iolates Chapter 215[.]"). In the Complaint, Short also fails to include a "demand for the relief sought" as required by Rule 8(a)(3).

Structurally, the Complaint violates Rule 10's requirement that factual allegations be stated in separately numbered paragraphs and that legal claims be set forth in separately identified counts. And Short attaches interrogatories to the Complaint, in violation of Rule 5(d)(1)(A). See Fed. R. Civ. P. 5(d)(1)(A) (prohibiting the filing of interrogatories "until they are used in the proceeding or the court orders filing"). Because Short has filed a Complaint that fails to comply with the Rules, the Court will strike the filing and direct Short to file an amended complaint. See Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460–61 (11th Cir. 2010) ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement.").

When preparing an amended complaint, Short is encouraged to consider consulting with a legal aid organization that offers free legal services, such as Jacksonville Area Legal Aid (JALA). Alternatively, the Jacksonville Federal Court Bar Association operates a Legal Information Program. Through that program, pro se litigants may meet with a lawyer for free to ask general questions about procedures governing cases in federal court. Short may call the Clerk's Office at (904) 549-1900 to request an appointment. More information

about the program is available on the Court's website at www.flmd.uscourts.gov/legal-information-program.[3]

Accordingly, it is

**ORDERED:**

1. Korey Short's Complaint (Doc. 5) is **STRICKEN**.

2. Federal Reserve Bank of Atlanta's Motion to Dismiss Plaintiff's Complaint (Doc. 2) is **DENIED AS MOOT**.

3. Short shall file an amended complaint that complies with the Federal Rules of Civil Procedure and this Order on or before **April 15, 2025**.

*(remainder of page intentionally left blank)*

---

[3] In preparing the amended complaint and any future filings, the Court also recommends that Short visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants Without Lawyers." In this section, there are many resources available to pro se parties, including a Handbook called "Guide for Proceeding Without a Lawyer." If Short does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

4. Failure to submit an amended complaint that complies with the directives of this Order as well as the Rules and the Local Rules may result in the dismissal of this action.

**DONE AND ORDERED** in Jacksonville, Florida this 25th day of March, 2025.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Pro Se Party
Counsel of Record