United States District Court
Middle District of Florida
Jacksonville Division

KOREY SHORT,

    *Plaintiff,*

v.                                                          NO. 3:25-cv-274-MMH-PDB

FEDERAL RESERVE BANK OF ATLANTA,

    *Defendant.*

---

# Report and Recommendation

The defendant moves for the taxation of $425.00 in costs under Rule 54(d)(1), Federal Rules of Civil Procedure, and 28 U.S.C. § 1923.[1] Doc. 34 (motion); Doc. 35 (proposed bill of costs); Doc. 35-1 (filing-fee receipt); Doc. 37 (court-ordered supplement on whether the defendant is a "prevailing party"). The plaintiff has not responded, and the time for doing so has passed.

## I.   Procedural History

The plaintiff, proceeding without a lawyer, sued the defendant in state court for allegedly false and deceptive advertising. Doc. 1-1.

The defendant removed the case to this court, Doc. 1, and moved to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted, Doc. 2. The defendant argued

---

[1]The defendant also purports to file the motion under Local Rule 7.01. Doc. 34 at 1. That rule applies to attorney's fees and non-taxable expenses, not to taxable costs under Rule 54(d)(1).

that the alleged facts and cited law provide no basis for a claim by the plaintiff against the defendant. Doc. 2 at 3, 5–8.

The court, on its own, struck the complaint because the complaint failed to inform the defendant of the claims that the plaintiff was attempting to bring, contained few or no factual allegations, included no demand for relief, and violated the rules regarding separately numbered paragraphs and separately identified counts. Doc. 13. The court denied the defendant's motion to dismiss as moot. Doc. 13 at 6.

The defendant filed a case management report, Doc. 14, and the plaintiff filed papers objecting to removal, Docs. 15, 16, 18. The court, on its own, struck the case management report because the defendant had filed it unilaterally and overruled the plaintiff's objections because removal was proper. Doc. 20 at 1–3. The court observed that the plaintiff had not filed an amended complaint as directed, stayed case-management obligations, and gave the plaintiff more time to file an amended complaint. Doc. 20 at 3, 5–6. The plaintiff also unsuccessfully fought removal in state court. *See* Doc. 37 ¶¶ 5–10.

The plaintiff filed an amended complaint. Doc. 22. The defendant moved to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted or to strike under Rule 12(f)(2) for insufficiently pleaded claims and for an order "dismissing this action without further notice." Doc. 23 at 1. The defendant again argued that the alleged facts and cited law provide no basis for a claim by the plaintiff against the defendant. Doc. 23 at 2–8.

The plaintiff filed a "[s]tatement of claim," Doc. 24, and a "demand for [judgment]," Doc. 25 (all caps omitted). The court, on its own, observed that the plaintiff had not responded to the motion to dismiss and ordered him to

respond to the motion and show cause why the case should not be dismissed without prejudice for failure to prosecute. Doc. 26.

The defendant, "in an abundance of caution," Doc. 27 ¶ 4, again moved to dismiss under Rule 12(b)(6) or to strike under Rule 12(f)(2), explaining that it was responding to the statement and demand, Docs. 24, 25, because the plaintiff may have filed the papers intending to amend his pleading, Doc. 27. The defendant repeated the arguments it had made before, added arguments to address new assertions by the plaintiff, including that counsel for the defendant had acted unethically, and again asked for dismissal without further notice. Doc. 27 at 3–15.

The plaintiff filed another "demand for [judgment]." Doc. 28 (all caps omitted). The court, on its own, struck the paper because the plaintiff failed to cite legal authority to support his requests and failed to confer with the defendant's counsel before filing the paper. Doc. 29.

The plaintiff never responded to the motions to dismiss or strike the amended complaint, Docs. 23, 27, and failed to file anything to show cause why the action should not be dismissed without prejudice for failure to prosecute. The court, on its own, therefore entered this order of dismissal:

Based on Plaintiff's failure to respond to this Court's Orders, the undersigned concludes that Plaintiff has failed to prosecute this action. Therefore, pursuant to Rule 41(b) and Local Rule 3.10, dismissal of this action without prejudice is appropriate. See Brown v. Tallahassee Police Dept., No. 06-13131, 205 Fed. Appx. 802, 802 (11th Cir. Nov. 15, 2006). Accordingly, it is hereby

**ORDERED:**

1. This case is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of the Court is directed to enter judgment dismissing this case without prejudice, terminate any remaining deadlines or pending motions as moot, and close the file.

Doc. 30 at 2.

As directed, the clerk entered the judgment dismissing the case "without prejudice"; terminated the defendant's motions to dismiss, Docs. 23, 27; terminated the plaintiff's "demand for [judgment]," Doc. 25; and closed the file, Doc. 31 at 1. The clerk included in the judgment this form language: "Any motions seeking an award of attorney's fees and/or costs must be filed within the time and in the manner prescribed in Local Rule 7.01, United States District Court Middle District of Florida." Doc. 31 at 1 (bolding omitted).

## II.    Motion

Fourteen days later, the defendant filed the current motion for the taxation of costs. Doc. 34. With the motion, the defendant filed a proposed bill of costs describing $405.00 as "Fees of the Clerk" and $20.00 as "Docket Fees under 28 U.S.C. § 1923," Doc. 35, and a receipt from the clerk for $405.00, Doc.

35-1. The plaintiff failed to respond to either the motion or the bill of costs, and the fourteen-day response period under Local Rule 3.01(d) has passed.

The court ordered the defendant to supplement the motion with authority to support that the defendant is the "prevailing party" entitled to costs. Doc. 36 (quoting Rule 54(d)(1)). The court explained that if no supplement or motion for an extension of time was received in a timely manner, the court would consider the motion withdrawn and direct the clerk to terminate the motion. Doc. 36 at 3.

The defendant timely supplemented the motion, Doc. 37; a surprise, considering the small amount at stake—$425.00—and the presumed burden of collection. The defendant purports to have filed twelve exhibits with the supplement—papers from the state court—but filed no exhibits. *See* Doc. 37 ¶¶ 5–10 (referencing Exhibits A through L "attached hereto"). The defendant relies on *Beach Blitz Co. v. City of Miami Beach*, 13 F.4th 1289 (11th Cir. 2021), and distinguishes *United States v. $70,670.00 in United States Currency*, 929 F.3d 1293 (11th Cir. 2019), to argue that it is the "prevailing party" because it successfully removed the case from state court despite heavy opposition from the plaintiff, Doc. 37 at 7–10; *see also* Docs. 15, 16, 18 (the plaintiff's papers objecting to removal); Doc. 37 ¶¶ 5–10 (describing the plaintiff's state-court opposition), and because the orders striking the plaintiff's papers and dismissing the action, *see* Docs. 13, 20, 29, were consistent with arguments that the defendant had made and the relief that it had requested in its motions to dismiss or strike, Doc. 37 at 9–10; *see* Docs. 2, 23, 27 (the defendant's motions).

The plaintiff recently filed a "letter to the court" stating that he was trying to obtain information about the litigation and asking the court to process

an application. Doc. 38. He makes no mention of costs or his position on taxing them. *See* Doc. 38.

## III.    Law

### A.    *"Prevailing Party" in Rule 54(d)(1)*

Rule 54(d)(1) provides, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."

Under the rule, the "prevailing party" is entitled to costs, *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000), whether the plaintiff or the defendant, *Tanker Mgmt., Inc. v. Brunson*, 918 F.2d 1524, 1527 (11th Cir. 1990), while a non-prevailing party is not, *Worsham v. United States*, 828 F.2d 1525, 1527 (11th Cir. 1987); *Breeland v. Hide-A-Way Lake, Inc.*, 585 F.2d 716, 723 (5th Cir. 1978), *amended on reh'g on other grounds*, 593 F.2d 22 (5th Cir. 1979); *but see Terry Props., Inc. v. Standard Oil Co.*, 799 F.2d 1523, 1540 (11th Cir. 1986) (upholding the taxation of costs against counter-defendants because the counterclaimants would not have filed unsuccessful counterclaims but for the lawsuit, and the counterclaims were a "reasonable effort to forestall" the counter-defendants' continued harassment of the counterclaimants); *accord Eagleview Techs., Inc. v. MDS Assocs.*, 190 F.3d 1195, 1200 (11th Cir. 1999).

"[T]he obvious purpose of imposing litigation costs upon losing parties is to relieve the prevailing party from at least a portion of the total expense of litigation[.]" *Ga. Ass'n of Retarded Citizens v. McDaniel*, 855 F.2d 794, 799 (11th Cir. 1988). A court abuses its discretion by failing to provide a reason for

denying costs. *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995); *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th Cir. 1977).

The rule on costs has been part of the Federal Rules of Civil Procedure since their inception, and the concept has been in place since well before then. *See* Fed. R. Civ. P. 54(d) (1938) ("Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs[.]"); *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013) ("Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs."); *id.* at 377 n.3 ("Prior to the … federal rules, prevailing parties were entitled to costs as of right in actions at law while courts had discretion to award costs in equity proceedings."); *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 564 (2012) ("Although the taxation of costs was not allowed at common law, it was the practice of federal courts in the early years to award costs in the same manner as the courts of the relevant forum State."); *Marek v. Chesny*, 473 U.S. 1, 7–8 (1985) ("By the time the [rules] were adopted in 1938, federal statutes had authorized and defined awards of costs to prevailing parties for more than 85 years."); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 248 n.19 (1975) ("On March 1, 1793, Congress enacted a general provision governing the awarding of costs to prevailing parties in federal courts: 'That there be allowed and taxed in the … courts of the United States, in favour of the parties obtaining judgments …, such compensation for their travel and attendance, and for attornies and counsellors' fees, except in the district courts in cases of admiralty and maritime jurisdiction, as are allowed in the supreme or superior courts of the respective states.'" (quoted authority omitted)), *superseded by statute on other grounds*; *United States v. Schurz*, 102 U.S. 378, 408 (1880) ("[A] careful examination of the authorities leaves us no

option but to follow the rule that the prevailing party shall recover of the unsuccessful one the legal costs which he has expended in obtaining his rights."); *Vincennes Steel Corp. v. Miller*, 94 F.2d 347, 348 (5th Cir. 1938) ("Costs … were unknown to the common law[.] Costs were first allowed as an increment of the judgment, where plaintiff recovered, under the statute of Gloucester (6 Edw. I, Ch. 1). … [T]he same privilege was extended to the prevailing defendant under the statute of 23 Henry VIII, Ch. 15, Sec. 1. Prior to the fee bill of 1853, no federal statute awarded costs, but the acts mentioned above became a part of our general law under which costs were awarded to the successful party." (footnote omitted)).

At the time of the rules' inception, Black's Law Dictionary defined "prevailing party" in this way:

> That one of the parties to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not to the extent of his original contention.
>
> The one in whose favor the decision or verdict is rendered and judgment entered.
>
> The party prevailing in interest, and not necessarily the prevailing person.
>
> To be such does not depend upon the degree of success at different stages of the suit, but whether, at the end of the suit, or other proceeding, the party who has made a claim against the other, has successfully maintained it. Thus, where the court grants defendant a new trial after verdict for plaintiff, defendant is the "prevailing party" on that trial, and entitled to costs, although the plaintiff again gets verdict on retrial.

Black's Law Dictionary 1412 (3d ed. 1933) (internal citations omitted). The rule has changed since then only to change when the clerk may tax costs, to separate the rule on attorney's fees, and stylistically. *See* Fed. R. Civ. P. 54 advisory committee's notes to 1993 and 2009 amendments.

Eleventh Circuit precedent on Rule 54(d)(1) makes this much clear. A party need not prevail on all issues to qualify as the "prevailing party." *United States v. Mitchell*, 580 F.2d 789, 793 (5th Cir. 1978), *superseded by statute on other grounds*. If the resolution of the litigation results in no "material change" in the "legal relationship" between the parties, neither party is a "prevailing party." *Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F.4th 1372, 1376, 1380 (11th Cir. 2022). A defendant is the "prevailing party" if the court enters judgment based on a jury verdict finding for the defendant on all claims against that defendant, *In re Nissan Antitrust Litig.*, 577 F.2d 910, 918 (5th Cir. 1978), even if the jury found for the plaintiff on claims against other defendants, *Gray v. Koch Foods, Inc.*, 144 F.4th 1298, 1314–15 & n.7 (11th Cir. 2025). A defendant is the "prevailing party" if the defendant obtains from the plaintiff a voluntary dismissal with prejudice. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007); *see Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC*, 108 F.4th 1358, 1364 n.6 (11th Cir. 2024) (discussing *Mathews* and explaining that the docket showed the district court had entered an order on motions for voluntary dismissal with prejudice). A defendant is the "prevailing party" if the defendant obtains summary judgment based on an affirmative defense regarding a release in a settlement agreement. *Myricks v. Fed. Reserve Bank of Atl.*, 480 F.3d 1036, 1043 (11th Cir. 2007). And a defendant is the "prevailing party" if the court grants summary judgment for the defendant on all federal claims, even if the court declines to exercise supplemental jurisdiction over many more state claims. *Head*, 62 F.3d at 355–56. In contrast, a defendant is not the "prevailing party" if summary judgment for the defendant is reversed, *Al-Rayes v. Willingham*, 914 F.3d 1302, 1310 (11th Cir. 2019), or if the plaintiff obtained nominal damages, *Three-Seventy Leasing Corp. v. Ampex Corp.*, 528 F.2d 993, 998 (5th Cir. 1976).

**B.**    *"Prevailing Party" or "Substantially Prevails" in Other Laws*

"Congress has enacted more than 200 subject-specific federal statutes that explicitly authorize the award of costs to prevailing parties in litigation." *Rimini St., Inc. v. Oracle USA, Inc.*, 586 U.S. 334, 338 (2019).

Many of the Eleventh Circuit and Supreme Court decisions interpreting the term "prevailing party" or the similar term "substantially prevails" are in the context of **42 U.S.C. § 1988(b)**, which permits a court to "allow the prevailing party … a reasonable attorney's fee as part of the costs" in actions under certain civil rights statutes; **42 U.S.C. § 2000e-5(k)**, which permits a court to "allow the prevailing party … a reasonable attorney's fee (including expert fees) as part of the costs" in Title VII employment actions; **42 U.S.C. § 3613(c)(2)**, which permits a court to "allow the prevailing party … a reasonable attorney's fee and costs" in fair housing actions; **17 U.S.C. § 505**, which permits a court to "allow the recovery of full costs by or against any party" and "a reasonable attorney's fee to the prevailing party as part of the costs" in copyright actions; **42 U.S.C. § 1973l(e)** (now **52 U.S.C. § 10310(e)**), which permits a court to "allow the prevailing party … a reasonable attorney's fee, reasonable expert fees, and other reasonable litigation expenses as part of the costs" in voting rights actions; and **28 U.S.C. § 2465(b)(1)**, which makes the United States liable for "reasonable attorney fees and other litigation costs reasonably incurred by the claimant" if the claimant "substantially prevails" in a forfeiture action.

The Eleventh Circuit has relied on cases outside the Rule 54(d)(1) context to interpret "prevailing party" in Rule 54(d)(1). *See, e.g., Royal Palm*, 38 F.4th at 1376 ("While the majority of the Supreme Court's prevailing party jurisprudence … comes from civil rights actions, there is no reason to believe

10

that its definition of the legal term 'prevailing party' varies across different legal contexts."); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) (observing that § 1988(b) was patterned after civil rights and voting laws and stating that "[t]he standards … in th[e] opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party'"); *Loggerhead Turtle v. Cnty. Council of Volusia Cnty.*, 307 F.3d 1318, 1322 n.4 (11th Cir. 2002) (observing that the Eleventh Circuit interprets "substantially prevailed" consistently with "prevailing party").

In *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources*, a case involving § 3613(c)(2) (fair housing), the Supreme Court observed that "prevailing party" is a "legal term of art." 532 U.S 598, 603 (2001). The Court explained that Black's Law Dictionary defines the term as, "A party in whose favor a judgment is rendered, regardless of the amount of damages awarded <in certain cases, the court will award attorney's fees to the prevailing party>.—Also termed *successful party*." *Id*. (quoting Black's Law Dictionary 1145 (7th ed. 1999)). The Court explained that "prevailing party" status requires a "material alteration of the legal relationship of the parties," *id*. at 604 (quoting *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93 (1989)), marked by "judicial *imprimatur*," *id*. at 605. Rejecting the "catalyst" theory, the Court affirmed an order denying fees for plaintiffs whose action was mooted by legislation eliminating a requirement that they had challenged. *Id.* at 600–01, 605. Citing fee and cost provisions from civil rights and voting laws, the Court noted, "We have interpreted these … provisions consistently, and so approach the nearly identical provisions at issue here." *Id.* at 603 n.4 (internal citation omitted).

11

Years later, in *CRST Van Expedited, Inc. v. Equal Employment Opportunity Commission*, a case involving § 2000e-5(k) (Title VII), the Supreme Court distinguished defendants from plaintiffs because the parties "come to court with different objectives." 578 U.S. 419, 431 (2016). The Court provided this explanation:

> A plaintiff seeks a material alteration in the legal relationship between the parties. A defendant seeks to prevent this alteration to the extent it is in the plaintiff's favor. The defendant, of course, might prefer a judgment vindicating its position regarding the substantive merits of the plaintiff's allegations. The defendant has, however, fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision. The defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason.

*Id.* The Court thus held that "a defendant need not obtain a favorable judgment on the merits … to be a 'prevailing party.'" *Id.* The Court declined to decide whether "a defendant must obtain a preclusive judgment … to prevail." *Id.* at 434.

Earlier this year, in *Lackey v. Stinnie*, a case involving § 1988(b) (civil rights), the Supreme Court turned to the definition of "prevailing party" in Black's Law Dictionary at the time of § 1988(b)'s passage under the rationale "that when Congress borrows terms of art in which are accumulated the legal tradition and meaning of centuries of practice, it presumably knows and adopts the cluster of ideas that were attached to each borrowed word." 604 U.S. 192, 200 (2025) (internal quotation marks and quoted authority omitted). Under that definition, "prevailing party" is "the party 'who successfully prosecutes the action or successfully defends against it'"; "prevailing party" status "does not depend upon the degree of success at different stages of the suit, but whether, at the end of the suit, or other proceeding, the party who has made a claim

12

against the other, has successfully maintained it." *Id.* (quoting Black's Law Dictionary 1352 (rev. 4th ed. 1968)).

The Court held that "prevailing party" in § 1988(b) excludes plaintiffs who merely obtain a preliminary injunction "[b]ecause preliminary injunctions do not conclusively resolve the rights of parties on the merits[.]" *Id.* at 201. The Court observed that its holding "is consistent with" its § 1988(b) precedents holding that "a plaintiff 'prevails' when a court grants enduring judicial relief that constitutes a 'material alteration of the legal relationship of the parties.'" *Id.* at 202 (quoting *Tex. State Tchrs.*, 489 U.S. at 792–93). The Court observed that "external events that moot the action and prevent the court from conclusively adjudicating the claim" do not make the plaintiff a "prevailing party." *Id.* at 207. The Court cautioned that "[a] different body of caselaw addresses when a *defendant* is a 'prevailing party' for the purposes of other fee-shifting statutes." *Id.* at 204 n.*. Citing *CRST*, the Court continued, "Our decision … should not be read to affect our previous holding that a defendant need not obtain a favorable judgment on the merits to prevail, nor to address the question we left open of whether a defendant must obtain a preclusive judgment in order to prevail." *Id.*

In a case involving § 1988(b) (civil rights), the Eleventh Circuit has observed that "[t]he term 'prevailing party' is a flexible one that is dependent on the relief sought and actually obtained in a particular case." *B & J Music, Inc. v. McAuliffe*, 719 F.2d 1536, 1538 (11th Cir. 1983); *see, e.g.*, *Walker v. Anderson Elec. Connectors*, 944 F.2d 841, 842–43, 847 (11th Cir. 1991) (holding that a plaintiff who had abandoned requests for declaratory and injunctive relief and demanded damages but received none was not the "prevailing party"

under § 2000e–5(k) (Title VII) despite a jury finding of sexual harassment because that status "requires the attainment of something more tangible").

In a case involving § 505 (copyright), the Eleventh Circuit, relying on *CRST*, explained, "[A] defendant does not attain prevailing-party status merely because, as a practical matter, a plaintiff is unlikely or unable to refile its claims." *Prop. Matters*, 108 F.4th at 1363. Instead, for a defendant to be the "prevailing party," "the court itself must act to reject or rebuff the plaintiff's claims," *id.*; i.e., "the rejection of the plaintiff's attempt to alter the parties' legal relationship must be marked by judicial *imprimatur*," *id.* at 1366 (internal quotation marks and quoted authority omitted).

Applying that jurisprudence, the Eleventh Circuit has held that defendants were "prevailing parties" under § 1988(b) (civil rights) even though they won on jurisdictional grounds because the plaintiff came to court for relief but left with nothing after the district court dismissed the claims and the Eleventh Circuit affirmed. *Provitola v. Comer*, No. 24-14079, 2025 WL 2779939, at *1 (11th Cir. Sept. 30, 2025). The Eleventh Circuit has held that a claimant "substantially prevailed" under § 2465(b)(1) (forfeiture) because, through a voluntary motion to dismiss with prejudice filed after a year of litigation, the government abandoned its attempt to materially alter the parties' legal relationship, the district court "explicitly approved the dismissal by granting the government's motion," and "the dismissal with prejudice prevents the government from re-litigating this same claim in the future." *United States v. $8,500.00 in U.S. Currency*, No. 23-10971, 2025 WL 2406318, at *4–5 (11th Cir. Aug. 20, 2025); *see also Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169–70 (5th Cir. 1980) (holding that the defendant was the "prevailing party" under § 1988(b) (civil rights) and § 2000e-5(k) (Title VII),

because "[a]lthough there ha[d] not been an adjudication on the merits in the sense of a weighing of facts, there remain[ed] the fact that a dismissal with prejudice is deemed an adjudication on the merits for the purposes of res judicata" and, therefore, the defendant "clearly prevailed").

In contrast, the Eleventh Circuit has held that a defendant was not the "prevailing party" under § 505 (copyright) because the plaintiff voluntarily dismissed the action without a need for judicial action, reasoning that the dismissal lacked the required judicial *imprimatur*. *Prop. Matters*, 108 F.4th at 1363–64. The Eleventh Circuit has held that a defendant was not the "prevailing party" under § 505 (copyright) because the plaintiff voluntarily dismissed the action with prejudice four days after the defendant moved to dismiss without needing the district court's permission to dismiss and before any ruling on any substantive motion. *Affordable Aerial Photography, Inc. v. Reyes*, No. 23-12051, 2024 WL 4024619, at *2 (11th Cir. Sept. 3, 2024). The Eleventh Circuit has held that a defendant was not the "prevailing party" under § 505 (copyright) because the plaintiff voluntarily dismissed the action without prejudice after a year of litigation, explaining that "even assuming future action by [the plaintiff] may be unlikely or now barred by the statute of limitations, those facts are irrelevant because the *court* did not rebuff or reject [the plaintiff]'s claims on any grounds" and that although "*CRST* abrogated any requirement that judicial action be 'on the merits,'" *CRST* "did not abrogate the requirement of 'judicial imprimatur' for prevailing defendants." *Affordable Aerial Photography, Inc. v. Trends Realty USA Corp.*, No. 23-11662, 2024 WL 835235, at *1, *3–4 (11th Cir. Feb. 28, 2024).

In *Beach Blitz*—the case on which the defendant relies—the district court dismissed four of five claims against a city and others "without prejudice

and without leave to amend," ruling that some defendants had immunity and the plaintiff had failed to state claims for violations of procedural and substantive due process rights. 13 F.4th at 1292–93, 1295. The district court dismissed the remaining claim "without prejudice and with leave to amend," ruling that "amendment might not [have] be[en] futile." *Id.* at 1295. The plaintiff did not amend, and the district court dismissed the remaining claim without prejudice, entered judgment for the city, and found that the city was the "prevailing party" under § 1988(b) (civil rights). *Id.* at 1295–96.

To determine whether the city was the "prevailing party" under § 1988(b), the Eleventh Circuit asked "whether the district court's judgment rebuffed [the plaintiff]'s efforts to effect a material alteration in the legal relationship between the parties." 13 F.4th at 1298. "Put another way," the Eleventh Circuit continued, "we conduct a practical examination of whether 'the case was resolved in the defendant's favor.'" *Id.* (alteration omitted) (quoting *CRST*, 578 U.S. at 432). The Eleventh Circuit held that the judgment had "rebuffed" the plaintiff's "attempt to alter its legal relationship with the defendants, thereby resolving the litigation in the defendants' favor." *Id.* The Eleventh Circuit reasoned that the "dismissal was involuntary"; the district court had acted in response to the defendants' motion to dismiss, which the plaintiff had opposed; the district court had refused to give the plaintiff the relief demanded; and the district court had denied leave to amend. *Id.* The Eleventh Circuit added, "Still another indicator that [the plaintiff]'s attempt to alter its legal relationship with the [c]ity was rebuffed is the fact that the district court's judgment dismissed [the] claims on the merits in the sense that the court passed directly on the substance of [the plaintiff]'s claims[,]" having entered the order in response to a Rule 12(b)(6) motion to dismiss, making the

16

order a judgment on the merits. *Id.* at 1298–99 (internal alteration, quotation marks, and quoted authority omitted).

The Eleventh Circuit observed that the district court's dismissal of the claims "without prejudice" was confusing, and that "a claim-preclusive judgment would be a further indication that [the plaintiff] was fully rebuffed and that the [c]ity prevailed." *Id.* at 1299–1300. The Eleventh Circuit concluded that it did not have to decide whether the judgment was preclusive because of the "plenty of reasons to conclude that [the plaintiff] was rebuffed": "The judgment was involuntary and carried judicial *imprimatur*, denied leave to amend, and resulted from a Rule 12(b)(6) merits determination." *Id.* at 1300. "As a matter of 'common sense,'" the Eleventh Circuit concluded, the judgment "plainly rebuffed [the plaintiff]'s attempt to alter its legal relationship with the [c]ity and resolved the case in the defendant's favor." *Id.* (internal alteration, quotation marks, and quoted authority omitted). The Eleventh Circuit emphasized, "A 'without prejudice' label, without more, cannot alter our conclusion in this case: in every practical sense, the district court rebuffed [the plaintiff]'s effort to alter its legal relationship with the [c]ity." *Id.*

The Eleventh Circuit declined to decide whether the Supreme Court in *CRST* established "a bright-line rule that a defendant prevails whenever it secures an involuntary dismissal of any kind." *Id.* (internal quotation marks and quoted authority omitted). The Eleventh Circuit observed that "[n]othing in [*CRST*] goes that far" and that "it remains an open question whether [some types] of non-merits involuntary dismissals should confer prevailing party status," such as "involuntary dismissals that, in some cases, may permit the plaintiff to immediately re-file the exact same claims against the exact same defendant, albeit in an alternative forum"; for example, because of lack of

personal jurisdiction, an arbitration clause, or forum non conveniens. *Id.* at 1301. The Eleventh Circuit added, "It is not obvious to us whether or not a court in such cases can truly be said to have rebuffed the plaintiff's attempt to alter its legal relationship with the defendant or to have resolved the litigation in the defendant's favor." *Id.*

In *$70,670.00 in U.S. Currency*—the case the defendant distinguishes—the district court permitted the government to dismiss a forfeiture complaint without prejudice—over the claimants' objections—after a state-court judgment made the forfeiture action irrelevant. 929 F.3d at 1296. The Eleventh Circuit ruled that the claimants had not "substantially prevailed" under § 2465(b)(1) "because a dismissal without prejudice places no 'judicial *imprimatur*' on 'the legal relationship of the parties,' which is 'the touchstone of the prevailing party inquiry.'" *Id.* at 1303 (quoting *CRST*, 578 U.S. at 422). The Eleventh Circuit observed that "[a] voluntary dismissal without prejudice renders the proceedings a nullity and leaves the parties as if the action had never been brought." *Id.* (internal quotation marks and quoted authority omitted). The Eleventh Circuit emphasized that "the order of dismissal pose[d] no legal bar precluding the government from refiling the same forfeiture action in the future[,]" even though, "as a practical matter, it might be difficult for the government to pursue a subsequent civil forfeiture action ... because [the properties] may be difficult to bring back within the district court's *in rem* jurisdiction." *Id.* (internal quotation marks and quoted authority omitted). The Eleventh Circuit reasoned that "this practical difficulty is irrelevant" because "[w]hat matters is that the claimants have not obtained a final judgment rejecting the government's claim to the defendant funds." *Id.* (internal alterations, quotation marks, and quoted authority omitted). Comparing the circumstance to the holding in *Buckhannon*, the Eleventh Circuit observed

that "a plaintiff's voluntary decision to withdraw a claim" is "the mirror image" of "a defendant's voluntary change in conduct," which "lacks the necessary judicial *imprimatur*." *Id.* The Eleventh Circuit emphasized that despite the district court's instruction to "distribute the funds pursuant to [a s]tipulation" of the claimants and their attorney, the government's claim of superior title to a claimant's share of the funds remained unadjudicated. *Id.* at 1303–04.

## IV.   Analysis

No precedent on "prevailing party" under Rule 54(d)(1) addresses the circumstances here: a plaintiff loses arguments on removal in state and federal courts; the defendant moves to dismiss for failure to state a claim upon which relief can be granted or to strike for insufficiency of the pleading; and the federal court—on its own and without deciding the motions—dismisses the action without prejudice because the plaintiff failed to respond to court orders and prosecute the action.

To decide whether the defendant is the "prevailing party" under these circumstances, the court may draw from the Black's Law Dictionary definition of "prevailing party" when the rule on costs was first enacted, from the Eleventh Circuit's Rule 54(d)(1) jurisprudence, and, as the Eleventh Circuit has done to interpret Rule 54(d)(1), from the Eleventh Circuit's and Supreme Court's jurisprudence on "prevailing party" or "substantially prevails" in other laws. No matter the law, the reasons for taxing costs in favor of the prevailing party are similar, *see McDaniel*, 855 F.2d at 799; "prevailing party" is a legal term of art, *see Buckhannon*, 532 U.S at 603; and the "prevailing party" definition has not materially changed over time, *see* Black's Law Dictionary 1412 (3d ed. 1933) ("That one of the parties to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main

issue, even though not to the extent of his original contention."), *and* Black's Law Dictionary 1352 (rev. 4th ed. 1968) (same); Black's Law Dictionary 1145 (7th ed. 1999) ("A party in whose favor a judgment is rendered, regardless of the amount of damages awarded[.]"); Black's Law Dictionary 1349 (12th ed. 2024) (same).

The defendant is not a "prevailing party" under Rule 54(d)(1). The defendant did not "successfully defend[] against" the action or "prevail[] on the main issue" insofar as the court dismissed the action on its own, without prejudice, and without addressing the defendant's Rule 12(b)(6) or Rule 12(f)(2) arguments. *See* Black's Law Dictionary 1412 (3d ed. 1933) (quoted). The resolution of the litigation resulted in no "material change" in the "legal relationship" between the parties insofar as the court dismissed the action without prejudice, *see Royal Palm*, 38 F.4th at 1380 (quoted), resulting in a "nullity" and leaving "the parties as if the action had never been brought," *$70,670.00 in U.S. Currency*, 929 F.3d at 1303 (quoted). The plaintiff's "challenge" was not "rebuffed" insofar as the court merely acted on its own to control its docket and effectuate a consequence for failing to follow orders. *See CRST*, 578 U.S. at 431 (quoted). Whether the plaintiff will bring another action, as a practical matter, is "irrelevant." *See Prop. Matters*, 108 F.4th at 1365 (quoted); *$70,670.00 in U.S. Currency*, 929 F.3d at 1303 (quoted). And because "prevailing party" depends on the result rather than the degree of success at different stages of the litigation, that the defendant successfully removed the case and kept it here matters naught. *See* Fed. R. Civ. P. 54(d)(1); Black's Law Dictionary 1412 (3d ed. 1933); *Royal Palm*, 38 F.4th at 1376.

Contrary to the defendant's arguments, Doc. 37 at 7–10, the circumstances here are less like those in *Beach Blitz*, in which the court acted

in response to the defendants' opposed motion to dismiss, "passed directly on the substance" of the claims, refused to give the plaintiff the relief demanded, and denied the plaintiff leave to amend, *see* 13 F.4th at 1299–1300 (quoted); and more like the circumstances in *$70,670.00 in U.S. Currency*, in which the court, over the claimants' objections, granted the government's voluntary motion to dismiss without prejudice, *see* 929 F.3d at 1299, 1303.

Because the defendant is not the "prevailing party" under Rule 54(d)(1), the defendant is not entitled to costs against the plaintiff.

## V.    Recommendation

The undersigned recommends **denying** the defendant's motion for the taxation of costs, Doc. 34, as supplemented, Doc. 37.

## VI.    Objections and Responses

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). An objection must not exceed 10 pages. Local Rule 3.01(b). "A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). A response must not exceed 10 pages. Local Rule 3.01(c). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A [district judge] shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). "A party failing to object to … findings      or      recommendations …    in    a    report    and

recommendation … waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

   **Entered** in Jacksonville, Florida, on December 2, 2025.

*Patricia D. Barksdale*

Patricia D. Barksdale
*United States Magistrate Judge*

c:    Korey Short
      3243 Justina Ter. Apt. 2
      Jacksonville, FL 32277